IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Kimyuna Jackson**, | ) | |
| | ) | **FILED: JUNE 12, 2008** |
| Plaintiff, | ) | **08CV3382** |
| vs. | ) Case No. | **JUDGE GETTLEMAN** |
| | ) | **MAGISTRATE JUDGE SCHENKIER** |
| **City of Chicago,** | ) | **AEE** |
| | ) | |
| Defendant. | ) | |

NOTICE OF REMOVAL

Defendant City of Chicago, by one of its attorneys, Naomi Avendano, Deputy Corporation Counsel of the City of Chicago, respectfully removes the above entitled action to this Court, pursuant to 28 U.S.C. §1441(b) and (c), §1446, and on the following grounds:

1.  Defendants City of Chicago and the McDonald's Corporation were named as defendants in a civil action filed on December 20, 2007, in the Circuit Court of Cook County of the State of Illinois, case number 07 L 14179, entitled <u>Kimyuna Jackson v. City of Chicago, et al.</u>.

2.  On May 1, 2008, plaintiff filed an amended complaint namely only the City of Chicago as a defendant. The City was served with the amended complaint on May 14, 2008. <u>See</u> amended complaint attached hereto as Exhibit A.

3.  Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Illinois common law. Plaintiff alleges, *inter alia*, that the defendants falsely arrested, assaulted, and battered her in violation of the United States Constitution and her rights under Illinois law.

4.  Defendant City is entitled to remove this action to this court, pursuant to 28

U.S.C. §1441(b) and (c).

5. It appears from the face of plaintiff's amended complaint that this is, primarily, a civil rights action which arises under the United States Constitution and involves federal questions. Plaintiff's amended complaint alleges, among other things, that the defendants violated the rights of the plaintiff as guaranteed by the United States Constitution.

WHEREFORE, defendant City of Chicago respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, case number 08 L 14179, be removed therefrom to this Court.

Respectfully submitted,

/s/ Naomi Avendano
Naomi Avendano
Deputy Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, IL  60602
(312) 742-7880
Atty. No. 06203689

08 CV 3382
JUDGE GETTLEMAN
MAGISTRATE JUDGE SCHENKIER

JHE 5/19/8
CPD FA
CPD

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

AEE

CCG N001-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Kimyuna K Jackson

v.

The City of Chicago
City Clerk Rm 107
121 north LaSalle
Chgo, IL 60602

No. 07L0147179

000017-1.6.1 05/01/08 09:15
REF CASE # 07L 147179
REF SHERIFF #
CASE TOTAL             0.00
TOTAL                  0.00
FEE WAIVED             0.00
CASHIER: MARYANN

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, MAY 01, 2008

Atty. No.: _____
Name: Kimyuna K Jackson
Atty. for: _____
Address: 8744 S. Bennett
City/State/Zip: Chgo, IL 60617
Telephone: (708) 668-3035

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Kimyura K Jackson

v.

The City of Chicago
City Clerk Rm 107
121 North LaSalle
Chgo, IL 60602

No. 07L0147179

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

☐ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

☐ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

☐ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426

☐ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____
Name: Kimyura K Jackson
Atty. for: _____
Address: 8744 S. Bennett
City/State/Zip: Chgo IL 60617
Telephone: (708) 668-3035

WITNESS, MAY 01 2008

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

In The Circuit Court of Cook County, Illinois

FILED B-7

2008 MAY -1 AM 8:33

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Kimyuna Jackson

Plaintiff

V

No: ~~07L014179~~

07L014179

City of Chicago

Defendant

Amended

## JURISDICTION AND VENUE

This action being brought pursuant to Title VLL of the Civil Rights Act of 1964, codified at 42U.S.C 200 et seq. (Title VII), the Civil Rights act of 1866, codified at 42 of 1991, the civil rights act of 1871, codified at 42 U.S.C 1983 for violations equal protection and due process of the fourteenth amendment to the United States Constitution to redress Plaintiff rights to be free from false arrest and retaliation from the City of Chicago under color of law in their capacity.

The jurisdiction of this court is invoked pursuant by Illinois federal and state law. The amount in controversy is more than 1 million dollars. Venus lies in court Illinois State and federal laws. The Defendant is the City of Chicago. The Plaintiff Kimyuna Jackson is a resident in the city of Chicago, which is located in the state of Illinois. The place in which these tortuous act occurred, moreover, these acts are listed below.

Introduction

1. The action is for damages for intentional infliction of emotional distress, false arrest, perjury at the state and federal level and violation of 42 U.S.C. 1983 –Deprivation of civil rights, along with violation of 42 U.S.C. 1985 with police officers that are employed by the City of Chicago attempting to falsely arrest Plaintiff during a compliant attempt of assault/battery by an unknown man in Mc Donald's located at 7900 s King Dr.

2. The Plaintiff had called the Chicago Police Department due to an assault battery, and instead of being allowed to file the compliant, Defendant looked at Plaintiff and asked her if she was named Ms. Jackson and placed her in handcuffs.

3. Prior to calling the police Plaintiff had been told by the Mc Donald's manger that Defendant had been an off duty police officer employed by Mc Donald's as security at night.

4. The Defendant than placed the Plaintiff in the car and started to talk to the off duty police officer.

5. The Defendants than got into the car and told the Plaintiff that she was being arrested for criminal trespass.

6. The Plaintiff Kimyuna Jackson hereby asserts the following claims against the Defendants in the above listed action:

   I. False Arrest

   II. Perjury

   III. Violation of Civil Rights –Conspiracy to interfere with Civil Rights

   IV. Violations of Civil Rights –Civil Action for deprivation of Rights

The Plaintiff Kimyuna Jackson claims damages against the Defendant the City of Chicago for an attempt of false arrest on August 30, 2007.

   I. All the above due to the City of Chicago inability to follow proper compliant procedures falsely arresting plaintiff on her phone call to the police for an assault/ battery by an Off duty police officer.

   II. Violations of the Fourteenth Amendment failure to provide equal protection laws.

### The Parties

7. Plaintiff Kimyuna Jackson is a resident in the City of Chicago.

8. Defendant The City of Chicago

### Facts

9. On August 30, 2007 the Plaintiff Kimyuna Jackson called the Defendant in regards to a battery/assault by an off duty police officer employed by Mc Donald's located at 7900 s King Dr. The Defendant instead falsely arrested the plaintiff for criminal trespass the Mc Donald's based on the information provided by the man that assault/battery her knowing that such acts had been wrong willfully and wantonly to inflict emotional stress with performing actions that were false, reckless, malicious, hurtful, incriminating, dangerous, etc, with no regards of the Plaintiff reputation wanting to leave Plaintiff with a criminal background.

10. The Defendants arrived at 7900 s King Dr located in Chicago, Illinois after being called by the Plaintiff in regards to an assault/ battery performed in the store by an off duty police officer.

11. The Plaintiff had been waiting in the store for the Defendant, and once the Defendant arrived at the store the Plaintiff walked outside to talk to them in regards to the assault/ battery action performed.

12. The Plaintiff walked up to the Defendant and started to speak. The Plaintiff had been told to lower her voice because she was talking to loud, and was placed into handcuffs. The other Defendant return to the car after speaking with the man that performed the assault /battery and told Plaintiff she was bring arrested for criminal trespass the Mc Donald's located at 7900 s King Dr.

13. The Plaintiff looked at the police screen while in the car and saw that the Defendant had been responding to an assault battery charge.

14. The Defendant told Plaintiff that she was being arrested for criminal trespass the Mc Donald's and she was being taken to 103 street police station for further processing.

15. The Plaintiff asked the Defendant if this had been a felony or misdemeanor. The Defendant had responded that this was a misdemeanor charge.

16. The Defendant than began to drive the car away from the police station

17. The Defendant started to drive down the block and got a phone call.

18. The Defendant than stop the car and asked his partner to get out the car to speak with her.

19. The Defendants than return to the car and one of the officers told the Plaintiff that she seems like a claim person and wanted to know where she lived.

20. The Plaintiff gave the Defendant her address which at that time had been 7710 s. Avalon Chicago, Illinois.

21. The Defendant drove Plaintiff to her residence.

22. Once out the police car Plaintiff felt it would be safe to ask the Defendant what about the assault/ battery that she had called the Defendant about.

23. The Defendant than told the Plaintiff to go to the Mc Donald's located at 7900s King Dr. the next night at the same time and call the police.

24. The Defendant had been writing up some paper work, while in front of the Plaintiff house. The Plaintiff asked the Defendant for a copy was told no what he was writing had been for the Mc Donald's located at 7900 s King Dr.

25. The Plaintiff had been too scared to ask the Defendant for any more information fearing that they would arrest her again.

26. The Plaintiff filed two complaints with the city on Sept 4 and 6, 2007 with Office of Professional Standards and was called into the office to speak with SGT Walsh in regards to the investigation of the conduct of the police in regards to this incident on August 30, 2007.

27. The Plaintiff was asked by SGT Walsh if she wanted to rectify the situation by filing a complaint of this unknown man.

28. The Plaintiff informed SGT Walsh that the officers had been unable to provide her with the identity of the man, and she was not going to return to the Mc Donald's due to not wanting to be arrested again for criminal trespass.

29. The Plaintiff had requested that the conduct of the officers be investigated due to being told by the manager of the Mc Donald's that he had been an off duty police officer doing security for that store.

30. The know known Defendant didn't wear a security uniform, badge, Mc Donald's uniform or anything to make his present known as security.

31. The Plaintiff express this to SGT Walsh and informed him that this was the reasons why she had been scared of asking the names of the police officers that told her she was being arrested for criminal trespass the Mc Donald's.

32. SGT Walsh than had SGT Peak ask the Plaintiff questions. SGT Peak had started to yell and scream at the Plaintiff saying that she knew the man that performed the assault/battery against her had been and off duty police officer. The Plaintiff then replied that she did not know he was the police, and if he was she wanted to file a complaint against him for battery/assault.

33. The Defendant than had plaintiff sign a waiver and said the matter will be investigated.

34. The Plaintiff walked out of the room and wanted the conduct of SGT Peak investigated. He then yelled out of the room by the time this gets done. He will be retired.

35. Both individuals were employed by the City of Chicago this names these individuals as Defendants.

36. Here since the occurrence the Plaintiff has not received a response regarding the investigation and has exhausted all manner to this matter resolved with a request to two OPS, interview with SGT Walsh, SGT Peak, and Signing Waver for investigation after being integrated.

Count I False Arrest

The Plaintiff hereby incorporates each and every paragraph as set forth fully herein to be true:

1. On August 30, 2007 Plaintiff called Defendant in regards On August 30, 2007 t in regards to a battery/assault, the plaintiff had experience by an unknown man at a Mc Donald's located at 7900 s King Dr.

2. The Defendant instead arrested the Plaintiff Kimyuna Jackson for criminal trespass the Mc Donald's based on the information provided by the off duty police officers that had assaulted/battery the Plaintiff.

3. Defendant deliberately wanted to leave the Plaintiff with a criminal background which would endanger the Plaintiff opportunity to gain employment.

4. Plaintiff had been unable to utilize her first amendment rights with an action of arrest, instead of being able to file a complaint against the off duty police officer. The plaintiff has a right to be free from excessive and unreasonable state action.

### Count II Perjury

The Plaintiff hereby incorporates each and every paragraph as set forth fully herein to be true:

1. The off duty police officer employed by the Mc Donald's located at 7900 s King Dr assault/battery the Plaintiff as she had been trying to exit the store during business operation hours of the store.

2. The off duty officer provided the officers with information that made them false arrest Plaintiff.

3. Defendant deliberately wanted to leave the plaintiff with a criminal background, which would endanger the Plaintiff opportunity to gain employment in the future. The Plaintiff had been unable to utilize her first amendment rights with an action of arrest. Plaintiff has a right to be free from excessive force and unreasonable state action from the Defendant.

### Count III Violation of Civil Rights -Deprivation of Rights

1. Plaintiff hereby incorporates that each and every paragraph as set forth fully herein to be true:

2. On August 30, 2007 the Plaintiff Kimyuna Jackson called the Defendant in regards to a battery/assault by an unknown man. The Defendant instead falsely arrested the plaintiff for criminal trespass the Mc Donald's based on the information provided by the man that assault/battery her knowing that such acts had been wrong willfully and wantonly to inflict emotional stress with performing actions that were false, reckless, malicious, hurtful, incriminating, dangerous, etc, with no regards of the Plaintiff reputation wanting to leave Plaintiff with a criminal background.

3. The Defendants arrived at 7900 s King Dr located in Chicago, Illinois after being called by the Plaintiff in regards to an assault battery performed in the store by an unknown man.

4. The Plaintiff had been waiting in the store for the Defendant, and once the Defendant arrived at the store the Plaintiff walked outside to talk to them in regards to the assault battery charge.

5. The Plaintiff walked up to the Defendant and started to speak. The Plaintiff had been told to lower her voice because she was talking to loud, and was placed into handcuffs. The other Defendant return to the car after speaking with the man that performed the assault battery and told Plaintiff she was bring arrested for criminal trespass the Mc Donald's located at 7900 s King Dr.

6. The Plaintiff looked at the police screen while in the car and saw that the Defendant had been responding to an assault battery charge.

7. The Defendant told Plaintiff that she was being arrested for criminal trespass the Mc Donald's and she was being taken to 103 street police stations for further processing.

8. The Plaintiff asked the Defendant if this had been a felony or misdemeanor. The Defendant had responded that this was a misdemeanor charge.

9. The Defendant than began to drive the car away from the police station without reading Plaintiff her rights.

10. The Defendant started to drive down the block and got a phone call.

11. The Defendant than stop the car and asked his partner to get out the car to speak with her.

12. The Defendants than return to the car and one of the officers told the Plaintiff that she seems like a claim person and wanted to know where she lived.

13. The Plaintiff gave the Defendant her address which at that time had been 7710 s. Avalon Chicago, Illinois.

14. The Defendant drove Plaintiff to her residence.

15. Once out the police car Plaintiff felt it would be safe to ask the Defendant what about the assault/ battery that she had called the Defendant about.

16. The Defendant than told the Plaintiff to go to the Mc Donald's located at 7900s King Dr. the next night at the same time and call the police.

17. The Defendant had been writing up some paper work, while in front of the Plaintiff house. The Plaintiff asked the Defendant for a copy was told no what he was writing had been for the Mc Donald's located at 7900 s King Dr.

18. The Plaintiff had been too scared to ask the Defendant for any more information fearing that they would arrest her again.

19. The Plaintiff filed two complaints with the city on Sept 4 and 6, 2007 with Office of Professional Standards and was called into the office to speak with SGT Walsh in regards to the investigation of the conduct of the police in regards to this incident on August 30, 2007.

20. The Plaintiff was asked by SGT Walsh if she wanted to rectify the situation by filing a complaint of this unknown man.

21. The Plaintiff informed SGT Walsh that the officers had been unable to provide her with the identity of the man, and she was not going to return to the Mc Donald's due to not wanting to be arrested again for criminal trespass.

22. The Plaintiff had requested that the conduct of the officers be investigated due to being told by the manager of the Mc Donald's that he had been an off duty police officer doing security for that store.

23. The know known Defendant didn't wear a security uniform, badge, Mc Donald's uniform or anything to make his present known as security.

24. The Plaintiff express this to SGT Walsh and informed him that this was the reasons why she had been scared of asking the names of the police officers that told her she was being arrested for criminal trespass the Mc Donald's.

25. SGT Walsh than had SGT Peak ask the Plaintiff questions. SGT Peak had started to yell and scream at the Plaintiff saying that she knew the man that performed the assault/battery against her had been and off duty police officer. The Plaintiff then replied that she did not know he was the police, and if he was she wanted to file a complaint against him for battery/assault.

26. The Defendant than had plaintiff sign a waiver and said the matter will be investigated.

27. The Plaintiff walked out of the room and wanted the conduct of SGT Peak investigated. He then yelled out of the room by the time this gets done. He will be retired.

28. Both individuals were employed by the City of Chicago this names these individuals as Defendants.

29. Here since the occurrence the Plaintiff has not received a response regarding the investigation and has exhausted all manner to this matter resolved with a request to two OPS, interview with SGT Walsh, SGT Peak, and Signing Waver for investigation after being integrated.

30. Defendant deliberately wanted to leave the Plaintiff with a criminal background, which would endanger the Plaintiff opportunity to gain employment in the future. The plaintiff had been unable to utize her first amendment rights with an action of arrest. The Plaintiff has a right to be free from excessive force and unreadable.

31. At all times mentioned herein, Defendants had a duty to observe, recognize and uphold the civil rights and the first amendment rights of the Plaintiff which were protected by the U.S Constitution and the constitution of the state of Illinois . The Defendant knew or reasonably should have known as law enforcement that their action violated Plaintiff right under the first, fourth, and fourteenth amendment rights. Plaintiff is entitled to damages as a result of the Defendants breach of her constitutional rights.

32. At all times mentioned defendants were acting within scope of their employment as City employees under the color of the state and federal laws

   Count IV. Violations of Civil Rights- Conspiracy to interfere with civil rights

1. The Plaintiff hereby incorporates each and every paragraph as set forth fully herein to be true:

2. On August 30, 2007 the Plaintiff Kimyuna Jackson called the Defendant in regards to a battery assault/battery the Plaintiff had experience by and off duty police officer. The Defendant instead arrested Plaintiff falsely for criminal trespass the Mc Donald's. The arrest had been without probable cause with the Plaintiff being placed in handcuffs and told that she was being arrested for criminal trespass by and uniformed Chicago Police Officers. The Defendant failed to read the Plaintiff her rights during the arrest, just placing her in handcuffs and saying that she would be charged with criminal trespass the Mc Donald's located at 7900 s King Dr.

3. Plaintiff has exhausted all means of trying to get this matter resolved by speaking with OPS letters are attached as exhibit A and B, along with contacting John a. Kujama vice president of franchising of Mc Donald's to get this matter resolved.

4. The Defendant failed to provide the equal protection laws, not allowing the Plaintiff to extend a complaint against city of Chicago employees for assault/battery, and failed to provide Plaintiff with investigation results of both on duty and off duty officers regarding August 30, 2007 incident. This indicates one of the following:

    A. The Defendant did not care about the effects that such action would cause on the life of the Plaintiff

    B. The Defendant had a hidden agenda against the Plaintiff wanting to utilize power of authority on Plaintiff Kimyuna Jackson for no reason leaving Plaintiff with criminal background.

This now being said to be the truth, then the Defendant made an attempt to falsely arrest Plaintiff Kimyuna Jackson, and leave her with a criminal background or even worse.

Damages

Plaintiff hereby incorporates each and every preceding paragraph as set forth fully herein:

1. As direct and proximate result of the conduct and damages of Defendant. Plaintiff has suffered for the following injuries and damages:

    A. Mental Anguish and mental distress in the past and future

    B. Lost of earning due to having to pursue such case Pro See.

    C. Fear that the Defendant will do this again and be successful at their attempts doing more damage.

    D. Future Damages occurred while trying to establish reasons why such false arrest occurred without explanation from the Defendant.

Based upon the foregoing conduct and actions of the Defendants, Plaintiff is entitled to punitive and exemplary damages, as by law not less than 1 million dollars.

Prayers for Relief

Wherefore plaintiff demands trail and that the following relief is granted:

a. That Plaintiff is given an award for unnecessary emotional stress. This includes the pain and suffering associated with the ongoing torture given by the Defendant and employees of the Defendant while still waiting for an apology for such actions, as is the case with Plaintiff Kimyuna Jackson. Plaintiff has suffered emotional pain, mental distress, humiliation, loss of social standing, inconvenience, mental anguish, loss of enjoyment of life, loss of income at times having to seek help.

b. That Plaintiff is granted an award for false arrest

c. That Plaintiff is granted an award for suffering from counts listed

d. That Plaintiff is awarded pecuniary damages to discourage this behavior again and give the city of Chicago a remainder that they are accountable to the people as service providers.

e. That Plaintiff be ordered to pay all acquired doctors bills

f. That Plaintiff receives judgment from the Defendant for the above, general, and compensatory damages not less than 1 million dollars and punitive damages greater that 1 million.

Signed *Kimyuna Jackson*    4-30-08

**OFFICE OF PROFESSIONAL STANDARDS**



10 W. 35th St. 12th Fl.
Chicago, IL 60616
(312) 745-3609
**Michael Duffy - Acting,** Chief Administrator

September 5, 2007
Reference: Log No. 1008982

KIMYUNA JACKSON
7710 S. AVALON AVE
CHICAGO, IL  60619

Dear Kimyuna Jackson,

The Office of Professional Standards ("OPS") received your information on 04-SEP-2007. It has been forwarded to the Internal Affairs Division.

The OPS registers all complaints against Department members. The OPS is only authorized to investigate complaints alleging excessive force, shootings where an officer discharges his/her weapon and strikes someone, deaths in custody, and domestic violence involving Department members. All other information must be forwarded to Internal Affairs.

For additional information on the status of your complaint, you may contact the Internal Affairs Division at (312) 745-6310.

Sincerely,

MICHAEL DUFFY - Acting
Chief Administrator
Office of Professional Standards



A

**OFFICE OF PROFESSIONAL STANDARDS**



10 W. 35th St. 12th Fl.
Chicago, IL 60616
(312) 745-3609
**ILANA B. R. ROSENZWEIG,** Chief Administrator

October 4, 2007
Reference: Log No.1009051

KIMYUNA JACKSON
7710 S. AVALON AVE Apt No. 1
CHICAGO, IL 60619

Dear Kimyuna Jackson,

   Your complaint registered with the Office of Professional Standards ("OPS") on 06-SEP-2007 has been forwarded to the Internal Affairs Division for investigation. The Complaint Log Number is 1009051.

   The OPS intakes and registers all complaints against Department members. By ordinance, OPS investigates only specific categories of complaints. All other complaints are forwarded to the Internal Affairs Division.

   For additional information on the status of your complaint, you may contact the Internal Affairs Division at (312) 745-6310.

Sincerely,

*Ilana B. R. Rosenzweig*

ILANA B. R. ROSENZWEIG
Chief Administrator
Office of Professional Standards

B

Kimyuna Jackson
7710 s Avalon apt 1
Chicago, Illinois 60619
September 18, 2007


Dear: SGT Walsh

This letter is to make you known that I have made the Vice President of franchising John A. Kujama known of the incident occurs at the Mc Donalds on 79th and King Dr. My letter appears as such on August 29, and 30 of 2007. I walked into a frequently visited Mc Donald's located at 7900 s King Dr at or around 9:30 and made a purchase of a Mc Chicken sandwich, French fries, and three cookies. I then made an attempt to exit the Mc Donald's and got through one set of doors. I stood in the vestibule for 2-3 minutes than continued my exit to make the 79 street bus, I was then stop by an unknown individual that grabbed my arm. on August 29, and 30 of 2007. I walked into a frequently visited Mc Donald's located at 7900 s King Dr at or around 9:30 and made a purchase of a Mc Chicken sandwich, French fries, and three cookies. I then made an attempt to exit the Mc Donald's and got through one set of doors. I stood in the vestibule for 2-3 minutes than continued my exit to make the 79 street bus, I was then stop by an unknown individual that grabbed my arm. This individual grabbed my arm and then grabbed the door speaking aggressively that I could not exit the door. I then wanted an explanation he couldn't provide me with such, replying that I just couldn't walk out this door. I made my way back into the lobby and told him to never touch me again in his life. He then replied if I didn't like it than call the police. I didn't have my cell phone at that time so I exited the Mc Donald's to get on the bus. I got home to learn my order had been incorrect. I have included a copy of the receipt for such order that I was given, along with a copy of my purchase. That late night I then started a compliant with the Mc Donald's corporation informing them that I would return to this location the next business day to get the identity of this individual. On August 30, 2007 I returned to the Mc Donald's to get this matter resolved I spoke with the mid-afternoon manager who called her manager to get direction on the situation. Her manager than informed her to tell me to return and speak with the manager on the shift in which this incident occurred. I returned to this location at 8:30 to speak with the night manager. I asked the night manager did she know the identity of such individuals, as he didn't wear a Mc Donald's uniform, she then replied, that he had been the police". I asked her how this could be true when he told me to call the police if I didn't like his actions, and he didn't wear a uniform showing that he was a police officer for any district in Illinois, nor did he wear a security uniform. I asked her for his identity information, along with hers to continue to file such compliant. She refused stating that I should get it from him, and he would be in shortly. I called the police wanting to file a compliant for the actions that occurred the previous night. He then walked into the Mc Donald's wearing nothing to show him as being a police officers, or security. He sat down and spoke with the manager. I continued to wait for the police. The police arrived I walked outside to speak with them and he reversed the whole situation on me. I wasn't even allowed an opportunity to talk. I over heard him tell the police that I picked up a receipt from the ground. I was than drove away from the Mc Donald's in a police car. I have since tried to get down to the bottom of the reason why these individuals handled this situation in such a matter. I am taking steps with the police regarding the actions of the officers, and I am continuing this matter with you to determine the identity of this individual being either a police as stated by the Mc-Donald's manager or an employee of your franchise. I have visited other location but feel very uncomfortable while such action of grievance is in progress. While at a location located on Chicago and state I sat down to eat and the manager sat behind me. The next day employees sat behind me. I didn't take this personal as I didn't have a problem with my services.  I just assumed at that time I was sitting in their lunch area. I am asking that you look further into this matter; as such experience with your company has really made me fearful of your company, along with the Chicago Police Department.


Thank You,

Kimyuna Jackson

C