

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHEN DISTRICT OF ILLINOIS

EASTERN DIVISION

KIMYUNA JACKSON

Plaintiffs.

V                                          NO. 08 C3382

The Honorable Judge GETTLEMAN

CITY OFCHICAGO

Defendants.

PLAINTIFFs' MOTION TO REMAND CLASS ACTTION BACK TO STATE COURTS
FROM WHICH IT WAS REMOVED

Plaintiff, Kimyuna Jackson in her official capacity as a Pro Se attorney in this case, submit this memorandum in support of the plaintiff's motion to remand this case back to state court pursuant to Rule 28 USC 1446 (b)4 1447 (c)(e)

INTRODUCTION

The Plaintiff Kimyuna Jackson brings this action for damages of intentional infliction of emotional distress, false arrest, perjury at the state and federal level and Violation of 42 U.S.C. 1983- 3372 –Deprivation of civil rights, along with violation of 42 U.S.C. 1985-

with police officers that are employed by the City of Chicago attempting to falsely arrest Plaintiff during a compliant attempt of assault/battery by an off duty Chicago police officer employed by Derrick D Taylor the owner operator of the franchised Mc Donald's located at 7900 s King Dr. called the Chicago Police Department due to an assault battery by the off duty Chicago Police Officer, and instead of being allowed to file the assault/battery compliant, Defendant City of Chicago falsely arrested her for criminal trespass the Mc Donald's'. The Plaintiff Kimyuna Jackson hereby asserts the following claims against the Defendants in the above listed action in state court:

      I.     False Arrest

      II.    Perjury

      III.   Violation of Civil Rights –Conspiracy to interfere with Civil Rights

      IV.   Violations of Civil Rights –Civil Action for deprivation of Rights

However, these claims are insufficient due to the Plaintiff compliant inadequacies being attributed to the inability of the plaintiff to gather relevant information being a Pro Se attorney.

STANDARDs OF REVIEW

Under Rule 28 USC 1446 (b) the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. (4) The United States district courts in which such

notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for remand. Under Rule 28 USC 1447 (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 14469a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court in which case the officer that committed the assault battery act name is added to the class of action, or Sgt Walsh as named in compliant is served. Plaintiff still had ample amount of time to serve Sgt Walsh after removal was filed by the Defendant as in Driscoll v. Burlington-Bristol Bridge Co 82 F. Supp. 975 (D.N.J. 1949).

Argument

The defendants claim does not show a case of character described in the provision of the removal statue. There are other parties that are named in the compliant that will interfere with such joinder, also the defendant hasn't given any rule under which this complaint should remain in federal court .The compliant has not meet federal question with the Plaintiff being Pro- Se drawing up such allegations based on state statues. The defendant will not be able to justify a removal on grounds that there

is a present federal question due to the plaintiff using USC 1983 as a count in the complaint. The plaintiff didn't make reference to any allegations under such sections leaving compliant vague. Plaintiff also makes reference to U.S.C 1985 but doesn't give actions committed by such officers under the law. Compliant was not specifically plead and Plaintiff should state how each individual officer named and unnamed violated her civil rights during such action of tort. The defendant hasn't yet supplied state court with subsequent pleadings. Defendant is acting on general allegations of the compliant, and federal question doesn't warrant a removal to state court.

*Kimyuna Jackson*
8744 S. Bennett
Chgo, IL 60617
(708) 668-3035
7-17-08