IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMYUNA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 08 C 3382 |
| vs. | ) | |
| | ) | JUDGE GETTLEMAN |
| CITY OF CHICAGO and UNKNOWN | ) | |
| CHICAGO POLICE OFFICER MALE, | ) | |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICER FEMALE, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, KIMYUNA JACKSON, by and through her attorney, ANNE E. ZELLNER, and complaining of Defendants, states as follows:

### Introduction

1. Plaintiff's causes of action arise under 42 U.S.C. § 1983, and the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. § 1331, federal question jurisdiction.

3. Venue is proper under 28 U.S.C. § 1391, for the Plaintiff resides in this judicial district, Defendant City of Chicago is located in this judicial district and upon information and belief, the Unknown Chicago Police Officers will reside in this judicial district.

4. The events giving rise to the lawsuit also took place in this judicial district, at a McDonald's Restaurant located at 7900 S. Martin Luther King Drive, Chicago, Illinois.

5. At all times relevant herein, Defendants were acting under color of state law.

6. Defendants, at all relevant times, were acting in the capacity of their employment.

7. City of Chicago is the employer of Defendant Unknown Officers Male and Female.

### Facts Common to All Counts

8. On or about August 28, 2007, Plaintiff, Kimyuna Jackson, was lawfully on the grounds of McDonalds.

9. When Plaintiff exited the McDonalds, she was assaulted by an off-duty Chicago Police Officer, serving as a security guard at the facility, hired by the franchise owner.

10. The officer grabbed her arm and locked her door. He told her that she could not leave out of that door. Plaintiff went back in the restaurant, told him not to touch her, exited the restaurant and got on the bus to go home.

11. Plaintiff called to report this incident and was told to return the following evening.

12. On or about August 30, 2007, Plaintiff, Kimyuna Jackson, returned to the same McDonalds restaurant. She was told to return that evening, so the shift manager could speak with her.

13. The manager was there, as well as the security guard. Plaintiff asked the manager who the security guard was and she was told he was police. The

manager proceeded to contact the security guard and he came to the restaurant.

14. The manager and security guard sat on the other side of the restaurant. Plaintiff did not feel safe at that time, so she contacted the Chicago Police Department, was told officers were on their way, and waited outside for the officers to arrive.

15. She returned to the restaurant and called the police again, the officers then arrived.

16. Upon the Defendant Unknown Officers Male and Female's arrival, Plaintiff was placed in handcuffs, despite being the complaining witness.

17. She proceeded to tell them about the events that had occurred in the past 48 hours.

18. At that time, Plaintiff was placed in the squad car.

19. Plaintiff was not free to leave, as she was locked in the back of the car.

20. Defendants did not have probable cause to arrest Plaintiff at that moment.

21. Defendants proceeded to speak with the security guard, and after finishing the conversation, entered the vehicle.

22. Defendants told Plaintiff she would be charged with criminal trespass and they were taking her to the station on 103rd.

23. Approximately half way there, the officers exited the car, had a discussion, returned to the vehicle and told Plaintiff that they were going to take her home.

24. They also filled out paperwork, which they did not give to her.

25. Plaintiff returned to the McDonalds the following day and filed a complaint.

26. Plaintiff also filed a complaint at the police station against the officers.

27. Plaintiff has suffered damages, including, but not limited to, emotional distress, anxiety and depression.

## Count I: False Arrest

## 42 U.S.C. 1983

28. Plaintiff reiterates and reincorporates paragraphs 1-27 as paragraphs 1-27 as this Count I.

29. When the Unknown Defendant Officers Male and Female arrived at McDonalds and placed Plaintiff into handcuffs, she was under arrest. A reasonable person would not have felt free to leave.

30. This arrest was without probable cause.

31. Defendants were acting under color of state law.

32. This was a violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure, as applied through the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in her favor and against Defendants Unknown Police Officers Female and Male, in an amount greater than the minimum jurisdictional limit of this court, and awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against the individual defendant in his and her individual capacity, as well as any other relief this Court deems just and appropriate.

## Count II

### Illinois Law - Respondeat Superior

### Defendant City of Chicago

33. Plaintiff realleges, restates and incorporates by reference, all above paragraphs for paragraphs 1-32 of Count II of this Complaint at Law.

34. In committing the acts above, each of the Officer Defendants were members of and/or agents of the Chicago Police Department and the City of Chicago acting at all relevant times within the scope of their employment.

35. Defendant, City of Chicago, is liable for all torts committed by its agents.

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in her favor and against Defendant City of Chicago in an amount greater than the minimum jurisdictional limit of this court, and awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against the individual defendant in his individual capacity, as well as any other relief this Court deems just and appropriate.

## Count III: Indemnity

### Illinois Law - (745 ILCS 10/9-102)

### Defendant City of Chicago

36. Plaintiff realleges, restates and incorporates by reference, all above paragraphs for paragraphs 1-35 of Count III of this Complaint at Law.

37. Defendant City of Chicago has an obligation to indemnify the Police Department and Chicago Police officers for the acts of the individual officers, as the individual officers were at all times relevant, employees of the City of Chicago.

38. The individual defendants were at all times relevant acting within the course and scope of their employment

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in her favor and against Defendant City of Chicago in an amount greater than the minimum jurisdictional limit of this court, and awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against the individual defendant in his individual capacity, as well as any other relief this Court deems just and appropriate.

Respectfully Submitted,

Anne E. Zellner

Kathleen T. Zellner & Associates
2215 York Road, Suite 504
Oak Brook, Illinois 60523
(630)955-1212